**SO ORDERED.**

**SIGNED this 29 day of March, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WILMINGTON DIVISION

**IN RE:**

| | |
|---|---|
| **DAVID RAY BRASWELL,** | Case No. 05-010422-8-JRL |
| Debtor. | |
| | |
| **KEVIN W. FLOARS,** | Adversary Proceeding No. |
| Plaintiff | L-06-00116-8-AP |
| | |
| vs. | |
| | |
| **BERRIE G. MARSHBURN,** | |
| **DAVID G. BRASWELL, COASTAL** | |
| **TRUCK & AUTO, a general partnership,** | |
| **and COASTAL TRUCK & AUTO, INC.** | |
| Defendants. | |
| | |
| **BERRIE G. MARSHBURN,** | Adversary Proceeding No. |
| Plaintiff | L-06-00199-8-AP |
| | |
| vs. | |
| | |
| **DAVID RAY BRASWELL** | |
| Defendant. | |

_____

## **ORDER**

The *Floars* case is before the court on the motion to dismiss for lack of jurisdiction filed by Berrie G. Marshburn, Coastal Truck & Auto, and Coastal Truck & Auto, Inc., and the motion

to dismiss filed by David Braswell. On March 13, 2007, the court conducted a hearing on these matters in Wilmington, North Carolina.

## BACKGROUND

Kevin Floars is a citizen and resident of Johnston County, North Carolina.[1] Berrie G. Marshburn is a citizen and resident of North Carolina. David Braswell, the debtor, is a citizen and resident of North Carolina. Coastal Truck & Auto is a general partnership formed and operated by and between defendants Marshburn and Braswell in New Hanover County, North Carolina. Coastal Truck & Auto, Inc. is a North Carolina business corporation with a principal place of business located in New Hanover County, North Carolina.

The debtor filed a petition for relief under chapter 13 of the Bankruptcy Code on October 16, 2005. The case was converted to chapter 7 on October 31, 2006. On June 27, 2006, Kevin Floars filed a complaint against Berrie G. Marshburn, Coastal Truck & Auto, and Coastal Truck & Auto, Inc. ("Marshburn and Coastal"), and the debtor. The complaint set forth claims for fraud, breach of contract, fraudulent conveyance, successor liability, unfair and deceptive trade practices, dischargeability, and discharge.

## DISCUSSION

Defendants Marshburn and Coastal contend that the court does not have jurisdiction over them, and the case should be dismissed. They argue that there is no diversity of jurisdiction under federal law as the parties are all citizens and residents of the State of North Carolina. Additionally, they contend the complaint raises predominately state law claims that should be

---

[1] For the purposes of these motions, the court presumes the allegations contained in the plaintiff's complaint are true.

2

determined in state court. Furthermore, the debtor asserts that Marshburn and Coastal are indispensable parties to this case, and if the claims against them are dismissed, then the case against the debtor should be dismissed as well. See Bankruptcy Rule 7019

### *Jurisdiction*

The district courts have original jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11. 28 U.S.C. § 1334(b). District courts have the authority to refer these proceedings to bankruptcy courts pursuant to 28 U.S.C. § 157(a). The United States District Court for the Eastern District of North Carolina entered its General Order of Reference on August 3, 1984.

In determining whether a civil proceeding "relates to" a bankruptcy case the Fourth Circuit adopted the test set forth in Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984). See Owens-Illinois, Inc. v. Rapid Am. Corp. (In re Celotex Corp.), 124 F.3d 619, 625 (4th Cir. 1997). According to the *Pacor* test:

> [W]hether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect of the estate being administered in bankruptcy. Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either, positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

Pacor, 743 F.2d at 994. The Fourth Circuit construed the *Pacor* test broadly, as the court required merely a possibility– not a certainty or even a likelihood–that the debtor's rights, liabilities, options, or freedom of actions may be altered. In re Celotex Corp., 124 F.3d at 626.

This adversary proceeding was brought against not only the debtor but also three potentially solvent defendants. The issue of possible joint liability provides the requisite

3

connection to the bankruptcy case.. If the plaintiff was able to recover the alleged claims from the other defendants, then there would be no claim against the debtor or his estate. In applying the *Pacor* test to this case, it appears clear that the outcome of this adversary proceeding has the possibility of impacting the debtor's estate. Therefore, this adversary proceeding relates to claims against the debtor. This court has jurisdiction to hearing those claims pursuant to 28 U.S.C. § 1334(b), regardless of whether there is diversity of jurisdiction.

### *Permissive Abstention*

Although the court has jurisdiction to hear this case under the Bankruptcy Code, the analysis does not end there. In their motion to dismiss, Marshburn and Coastal alternatively argue for abstention. Prior to the debtor filing bankruptcy, Floars filed a complaint in state court against the same defendants alleging the same state law claims. That state proceeding has since been dismissed. Marshburn and Coastal request that the court abstain from hearing this adversary proceeding to allow all state claims to be re-filed and tried in state court.

The Bankruptcy Code, in the interest of justice, permits a district court to abstain from hearing a particular proceeding related to a case under title 11. 28 U.S.C. § 1334(c)(1). This court has applied a twelve-factor test to determine whether permissive abstention is appropriate in a specific case. Those factors are:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention, (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted "core" proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the

>likelihood that the commencement of the proceeding in the bankruptcy court involves forum shopping by one of the parties, (11) the existence of the right of a jury trial, and (12) the presence in the proceeding of non-debtor parties.

<u>General Wood Preserving Co., Inc. v. Wind Gap Farms</u> (In re General Wood Preserving Co., Inc.), Case No. L-02-00146-8-AP (Bankr. E.D.N.C. Dec. 17, 2002) These factors were identified by the Seventh and Ninth Circuits as relevant to a bankruptcy court's decision to abstain in a particular case. See <u>In re Chicago, Milwaukee, St. Paul & Pac. R. Co.</u>, 6 F.3d 1184, 1189 (7th Cir. 1993), <u>In re Eastport Assoc.</u>, 935 F.2d 1071, 1075-76 (9th Cir. 1991).

Based on the facts of this case, the court finds that abstention is warranted. This adversary proceeding is taking place within a chapter 7 bankruptcy, and the court expects it to have little practical effect on the administration of the debtor's insolvent estate. Absent the fact that one of the parties is in bankruptcy there is no federal jurisdiction. There are no federal substantive law issues.  Aside from the discharge and dischargeability claims, all causes of action are state law claims. The parties may be entitled to a jury trial, and absent the consent of all parties the trial cannot take place in the bankruptcy court. Thus, even if the bankruptcy court retained jurisdiction of the adversary proceedings, two venues would be involved in order to resolve this matter. The existence of non-debtor parties is not disputed. Therefore, the facts support abstention as to the state law claims.

### *Consolidation*

During the hearing, the court was informed of a pending motion to consolidate this adversary proceeding with another adversary proceeding filed in the debtor's bankruptcy case. A court may consolidate legal actions where they involve "a common question of law or fact pending before the court[.]" Fed. R. Bankr. P. 7042.

The second complaint was filed on August 16, 2006, by Marshburn against the debtor asserting almost exactly the same claims as Floars' complaint.[2] The court finds that the claims in both adversary proceedings arise out of the same events and present common questions of law and fact. In the interest of judicial economy, the court finds the claims brought by Marshburn could be brought as cross-claims in the state court proceeding. Therefore, the court finds that consolidation is appropriate as to the two adversary proceedings.

## **CONCLUSION**

Based on the foregoing, the adversary proceedings <u>Floars v. Marshburn, et al.</u> (06-00116-8-AP) and <u>Marshburn v. Braswell</u> (06-00199-8-AP) are consolidated. The court voluntarily abstains from hearing the state law causes of action raised in the complaints. Specifically, the court abstains from hearing claims one through five in adversary proceeding 06-00116-8-AP and claims one through four in adversary proceeding 06-00199-8-AP. Accordingly, the above claims are dismissed without prejudice to the plaintiffs' abilities to renew their claims in state court. The automatic stay is lifted to allow a law suit to commence and proceed in state court as to the above claims.

This court, however, retains jurisdiction to determine claims six and seven in adversary proceeding 06-00116-8-AP and claims five and six in adversary proceeding 06-00199-8-AP, as the bankruptcy court has exclusive jurisdiction of discharge and dischargeability. These claims are stayed, pending the resolution of the state court proceedings.

"END OF DOCUMENT"

---

[2] The complaint sets forth claims for fraud, breach of contract, fraudulent conveyance, unfair and deceptive trade practices, objection to discharge, and objection to dischargeability.