**SO ORDERED.**

**SIGNED this 04 day of June, 2009.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA

IN RE:

DAVID RAY BRASWELL,

    DEBTOR.

CASE NUMBER 05-10422-8-JRL
Chapter 7

| | |
|---|---|
| KEVIN W. FLOARS, ) | |
|   PLAINTIFF, ) | |
|   v.   ) | ADVERSARY PROCEEDING |
| ) | NO. L-06-00116-8-AP |
| BERRIE G. MARSHBURN, DAVID R. ) | |
| BRASWELL, COASTAL TRUCK & ) | |
| AUTO, a general partnership, and ) | |
| COASTAL TRUCK & AUTO, INC., ) | |
|   DEFENDANTS. | |

_____

## **ORDER**

This case came before the court on the plaintiff's motion for summary judgment against the debtor David R. Braswell. On May 20, 2009, the court conducted a hearing on this matter in Wilmington, North Carolina. The debtor, appearing pro se, was given notice but did not appear.

## JURISDICTION AND PROCEDURE

This court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), which this court may hear and determine.

## UNDISPUTED FACTS

1.At the time the debtor's bankruptcy case was filed, an action was pending against defendant David Ray Braswell and co-defendants Berrie Marshburn, Coastal Truck & Auto, and Coastal Truck & Auto, Inc., in the Superior Court of Johnston County.

2.The same action was brought against the debtor in the bankruptcy case with an added objection to dischargeability of indebtedness under 11 U.S.C. § 523 and discharge under 11 U.S.C. § 727.

3.This court abstained from proceeding on matters that were based on state law causes of action and the matters were returned to state court.

4.The case was reactivated in the Superior Court of Johnston County (Case No. 07 CVS 01210) and those matters have now been heard and determined.

5.Judgment was rendered for the plaintiff, Floars, on partial summary judgment, against the defendant, Braswell, for $175,641 on the principal debt. The actions were held to violate the North Carolina Unfair and Deceptive Trade Practice Act, N.C.G.S. § 75-1.1, et seq. Plaintiff's damages were trebled to $526,923, plus court costs and interest at the legal rate of 8% per year from April 20, 2005. Four years of interest total $168,615. Consequently, as of April 19,

2009, the judgment debt totals $695,538 plus court costs and future interest.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 56(c), made applicable in bankruptcy by Bankruptcy Rule 7056, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The "plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and all reasonable inferences in the light most favorable to the nonmoving party. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S. Ct. 993, 994 (1962).

## ANALYSIS

Based on the record, the Johnston County Superior Court's findings of fact fall neatly within 11 U.S.C. § 523(a)(2)(A). Pursuant to 11 U.S.C. § 523(a)(2)(A), debts for money may not be discharged to the extent that they were incurred by ". . . false pretenses, false misrepresentation, or actual fraud . . . ." The superior court found: (1) that the defendant ("Braswell") willfully and intentionally made false and misleading representations of material fact to the plaintiff ("Floars") with the specific intent of causing Floars to rely upon these representations; (2) that Floars did in fact reasonably rely upon Braswell's representations; and (3) that Braswell's willful, intentional and fraudulent conduct caused Floars to directly and

proximately suffer damage. The superior court further found that Braswell willfully and intentionally engaged in unfair and deceptive trade practices prohibited by N.C.G.S. § 75-1.1, et seq. Based on these findings, the superior court trebled Floars' damages pursuant to N.C.G.S. § 75-16. Lastly, the superior court found that Braswell is justly indebted to Floars in the principal amount of $175,641.00.

Collateral estoppel applies to those issues decided in Johnston County Superior Court. Accordingly, those findings of fact are binding on this court. [1]

## **CONCLUSION**

Based on the forgoing, the plaintiff's motion for summary judgment is ALLOWED. The debtor's debt to Floars will not be discharged pursuant to 11 U.S.C. § 523(a)(2)(A). The request that the debtor's discharge be denied entirely is dismissed on the request of counsel for plaintiff.

**END OF DOCUMENT**

---

[1] In Sartin v. Macik, 535 F.3d 284, 89 (4th Cir. 2008) the court held that default judgments cannot have collateral estoppel effect under North Carolina law. The defendant had not answered requests for discovery, so the trial court entered a default judgment for the plaintiff. Id. At 286. The Fourth Circuit noted that the Supreme Court of North Carolina holds to the traditional Restatement view with regard to collateral estoppel. Id. At 289, citing Restatement (Second) of Judgments § 27 (1982). Accordingly, the court held that the defendant had not actually litigated the issues in state court, so the trial court judgment had no collateral estoppel effect. 535 F.3d at 289. In the case at bar, the Johnston County Superior Court ruled on a motion for partial summary judgment. This indicates that Braswell answered the pleadings, and actually litigated the issue in state court.